UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

YAIR ISRAEL BABAYOFF,

                        Plaintiff,

    -v.-

PRO COVERAGE GROUP, INC.,
and BRANDON MARGOLIS,

                        Defendants.
-------------------------------------------------------------------X

20-CV-4538 (WFK)(RLM)

Date of Service:
<u>April 8, 2022</u>

# DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

Arthur H. Forman
98-20 Metropolitan Avenue
Forest Hills, New York 11375
(718) 268-2616

*Attorney for Defendants*

## TABLE OF CONTENTS

Table of Authorities..................................................................................................................iii

Preliminary Statement.................................................................................................................1

Prior Proceedings………........................................................................................................1

Legal Argument.........................................................................................................................2

        A.      The Legal Standard to Survive a Motion to Dismiss...........………………….......2

        B.      Plaintiff's FLSA Claim Is Time Barred Under the Applicable Statute of
               Limitations.……………………………………………..................................................3

        C.      Plaintiff's FLSA Claim Is Also Time Barred by The Three Year
               Statute of Limitations…………………………………………………………...5

        D.      The Court Should Decline to Exercise Supplemental Jurisdiction..........................7

Conclusion.................................................................................................................................8

## TABLE OF AUTHORITIES

**Cases**                                             **Page(s)**

*Ashcroft v. Iqbal*,
    556 U.S. 662, 129 S.Ct. 1937 (2009)) ..................................................................2

*Babayoff v. Nassau County*, et al.
    18-Cv-5654 (WFK)(RLM) (E.D.N.Y.) (ECF Doc. 1) .............................................6

*Babayoff v. Pro Coverage Group, Inc.*,
    Supreme Court of the State of New York, County of Queens
    Index No. 700940/2018……………………………………………………….6

*Bell Atlantic Corp. v. Twombly*
    550 U.S. 544, 127 S.Ct. 1955 (2007) ..................................................................2, 4

*Chime v. Peak Security Plus, Inc.*
    137 F. Supp. 3d 183 (E.D.N.Y. 2015) ..................................................................4, 5

*Connecticut Gen. Life Ins. Co. v. BioHealth Laboratories, Inc.*
    988 F. 3d 127 (2d Cir. 2021) ..................................................................5

*Erickson v. Pardus*
    551 U.S. 89 (2007) ..................................................................3

*Harris v. City of New York*
    186 F. 3d 243 (2d Cir. 1999) ..................................................................3

*Harris v. Mills*
    572 F.3d 66 (2d Cir. 2009) ..................................................................2

*In re Elevator Antitrust Litigation*
    502 F.3d 47 (2d Cir. 2007) ..................................................................2

*Li v. Zhao*
    35 F. Supp 3d 300 (E.D.N.Y. 2014) ..................................................................7

*Lundy v. Catholic Health Sys. Of Long Island Inc.*
    711 F. 3d 106 (2d Cir. 2013) ..................................................................7
.

*Matson v. Bd. of Educ.*
    631 F.3d 57 (2d Cir. 2011) ..................................................................2

*Meadows v. United Services, Inc.*
    963 F.3d 240 (2d Cir. 2020) ..................................................................3

*Oneida Indian Nation of N.Y. v. Madison County*
    665 F.3d 408 (2d Cir. 2011)…………………………………………………………..7

*Parada v. Banco Industrial de Venezuela, C.A.*
    753 F.3d 62 (2d Cir. 2014)……………………………………………………………4

*Rolon v. Henneman*,
    517 F.3d 140 (2d Cir. 2008) ...................................................................................3

*Simmons v. Trans Express, Inc.*,
    16 F. 4th 357 (2d Cir. 2021) ..................................................................................6

*Smith v. Local 819 I.B.T. Pension Plan*
    291 F. 3d 236, 240 (2d Cir. 2002)…………………………………………,,…….……..2

*Trinidad v. N.Y. City Dept. of Corrections*
    423 F. Supp. 2d 151 (S.D.N.Y. 2006) ...................................................................7

*Whiteside v. Hover-Davis, Inc.*
    995 F. 3d 315 (2d Cir. 2021) .............................................................................3, 4

*Young v. Cooper Cameron Corp.*
    586 F. 3d 201 (2d Cir. 2009) ..................................................................................4

**Federal Statutes**

28 U.S.C. §1367(c)(3) ………………………………………………………………...…7

29 U.S.C. §§201, *et seq.* ("Fair Labor Standards Act") ........................................... passim

29 U.S.C. §255 (a)...........................................................................................................3

29 U.S.C. § 256 (a)..........................................................................................................3

**Federal Rules**

Fed. R. Civ. P. 12 (b)(6) ..............................................................................................2, 5

**New York State Statutes**

C.P.L.R. 205....................................................................................................................7

## PRELIMINARY STATEMENT

Defendants, Pro Coverage Group, Inc. and Brandon Margolis make this motion pursuant to Fed. R. Civ. P. 12 (b)(6) to dismiss all federal causes of action against them for failure to state a cause of action, and for the court to decline to exercise supplemental jurisdiction over plaintiff's state law claims.

Plaintiff's complaint (ECF Doc. 1), contains one federal cause of action, seeking damages for unpaid overtime compensation pursuant to the Fair Labor Standards Act, 29 U.S.C. §§201, *et seq*. ("FLSA").  All other claims are for New York labor law violations. (¶ 1) [1]  It is defendants' position that the plaintiff's federal claim is time barred by the applicable statute of limitations of the FLSA.  Defendants further respectfully submit that if plaintiff's one federal claim is dismissed as time barred, there are good grounds for the court to decline to exercise supplemental jurisdiction over plaintiff's state law claims.

## PRIOR PROCEEDINGS

On January 19, 2018, Plaintiff filed an action against the same two defendants in New York state court, asserting the identical New York labor law claims as he alleges in the present action. See, Memorandum & Order, March 10, 2022 (ECF Doc. 19)   Plaintiff is represented by an attorney in the New York court action. (ECF Doc. 18-1)   For an as yet unexplained reason, plaintiff has filed the present action *pro se*, seeking damages for the same New York labor law violations already pending in state court, and merely adding one federal claim, seeking unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA").

Perhaps recognizing the error of proceeding *pro se* instead of with the attorney handling the

---

[1] All designations "¶ __" in parenthesis refer to the numbered paragraphs of the plaintiff's Complaint.

1

state court action, plaintiff, by letter motion dated March 3, 2022, requested a hearing for this court to compel the attorney representing him in state court to also represent him in the present federal court action. The motion was denied. (ECF Doc. 19). Subsequently, plaintiff filed a letter motion for reconsideration. (ECF Docs. 21 and 22). The motion for reconsideration was also denied, with the court reminding plaintiff that he had signed a retainer agreement giving the attorney representing him in state court "exclusive rights to prosecute plaintiff's wage-and-hour claims." (ECF Doc. 25, pp.2-3).

## LEGAL ARGUMENT

### A. The Legal Standard to Survive a Motion to Dismiss

To survive a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6), a plaintiff's complaint must contain sufficient factual allegations to plausibly support a claim for relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007). Although a plaintiff is not required to set forth every factual allegation, the complaint must allege "'enough facts to nudge [plaintiff's] claims across the line from conceivable to plausible.' *Twombley,* 127 S. Ct. at 1974." *In re Elevator Antitrust Litigation*, 502 F.3d 47, 50 (2d Cir. 2007). "A claim is plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011). (quoting, *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009)). A court should not credit as true "legal conclusions masquerading as factual conclusions." *Rolon v. Henneman*, 517 F.3d 140, 149 (2d Cir. 2008). (quoting *Smith v. Local 819 I.B.T*. Pension Plan, 291 F. 3d 236, 240 (2d Cir. 2002)). A plaintiff must come forward with more than mere recitations of the elements of a cause of action to survive a motion to dismiss. *Harris v. Mills,* 572 F.3d 66, 72 (2d

Cir. 2009).

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197 (2007) (internal quotation marks and citation omitted). However, even a *pro se* complaint must state a plausible claim for relief. *Meadows v. United Services, Inc*., 963 F.3d 240, 243 (2d Cir. 2020).

### B. Plaintiff's FLSA Claim Is Barred Under the Applicable Statute of Limitations

A plaintiff must bring an FLSA claim within "two years after the cause of action accrued...except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C. §255(a).  A district court "may dismiss a claim on statute-of-limitations grounds at the pleading stage 'if [the] complaint clearly shows the claim is out of time.' *Harris v. City of New York*, 186 F. 3d 243, 250 (2d Cir. 1999)."  *Whiteside v. Hover-Davis, Inc*., 995 F. 3d 315, 319 (2d Cir. 2021).

An FLSA claim is commenced on the date the complaint is filed, if the plaintiff is a named party. 29 U.S.C. § 256 (a).  In the present action, the plaintiff filed the complaint solely on his own behalf on October 16, 2020. (See, ECF Doc. 1).   Plaintiff alleges he was employed by defendants' insurance agency (¶12), as an account representative "from in or around December 2016, through in or about October 2017," (¶9).  Therefore, plaintiff's FLSA claim for unpaid overtime expired in approximately October 2019 and is time barred unless defendants' violation of the FLSA was willful.

In *Whiteside v. Hover-Davis, Inc*., 995 F. 3d 315 (2d Cir. 2021) the Second Circuit recently held "a plaintiff at the pleadings stage must allege facts that give rise to a plausible inference of

3

willfulness for the three-year exception to the FLSA's general two-year statute of limitations to apply" Id. at 318.  The court went on to state, "The mere allegation of willfulness is insufficient to allow an FLSA plaintiff to obtain the benefit of the three-year exception at the pleadings stage." *Id*. at 323.  To be a willful violation of the FLSA, a plaintiff must allege facts supporting a reasonable inference that the employer "either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the Act." *Id*. at 324 (quoting *Young v. Cooper Cameron Corp*., 586 F. 3d 201, 207 (2d Cir. 2009)).

In his FLSA claim, plaintiff alleges willfulness in only two paragraphs of the complaint. He first alleges, "Defendants knowingly and willfully failed to pay Plaintiff his regular hourly rate of pay for his overtime hours worked and at time and one half of his regular rate of pay for his overtime hours worked in a work period." (¶35).  In the next paragraph, plaintiff merely confirms the bald contention of the prior paragraph, stating, "By reason of the said intentional, willful, and unlawful acts of Defendant, Plaintiff his (sic.) suffered damages plus incurred costs and reasonable attorneys' fees." (¶36).

Plaintiff's FLSA allegations of willfulness are clearly conclusory.  An employee who brings an FLSA claim bears the burden of showing the employer's actions were willful. *Parada v. Banco Industrial de Venezuela, C.A*., 753 F.3d 62, 71 (2d Cir. 2014); *Chime v. Peak Security Plus, Inc.*, 137 F. Supp. 3d 183, 191 (E.D.N.Y. 2015).  In order to survive dismissal, a complaint must contain "more than labels and conclusions and a formulaic recitation of the elements of a cause of action" *Twombly, supra,* 550 U.S. at 555, and not mere "naked assertion[s] …without some further factual enhancement." *Id* at 557.

Plaintiff has failed to offer any specific factual allegations to support his claim that

4

defendants' violation of the FLSA was willful. Rather, he has copied the language of the statute into his complaint without describing any alleged incidents that occurred to show the possibility that defendants willfully violated the statute. In contrast, allegations that an employee discussed not receiving overtime pay with other employees and the manager, and that he was told the company could not afford to pay overtime, are factual examples of willfulness. *Chime, supra,* 137 F. Supp. at 192.

Having failed to meet the requirements for pleading willfulness, plaintiff should not be afforded the benefit of the three-year limitations period of the FLSA, and his cause of action for unpaid overtime under the FLSA should be dismissed.

### C. Plaintiff's FLSA Claim is Also Barred by the Three-Year Statute of Limitations

Even if the court should find that plaintiff has alleged willfulness sufficiently to make the three-year limitations period of the FLSA applicable to his FLSA claim, plaintiff's FLSA claim is nevertheless barred as having been filed more than three years after he last worked for defendants. Because the action was commenced on October 16, 2020, any claims for unpaid overtime hours plaintiff worked prior to October 16, 2017, have expired.

In his complaint, plaintiff does not explicitly state his last day of work. At paragraph 9 of the complaint, plaintiff alleges, vaguely, that he was employed by defendants "from in or about December 2016, through in or about October 2017." However, proof of plaintiff's exact first and last days of employment are unambiguously declared in other court documents filed by plaintiff.

A statute of limitations claim may be decided on a Rule 12(b)(6) motion if the defense appears on the face of the complaint. *Connecticut Gen. Life Ins. Co. v. BioHealth Laboratories, Inc.*, 988 F. 3d 127, 131-32 (2d Cir. 2021). But a court may consider matters of which judicial

5

notice may be taken when ruling on a 12(b) motion to dismiss. *Simmons v. Trans Express, Inc.*, 16 F. 4th 357,360 (2d Cir. 2021). A document filed in another court is one of the items a court may judicially notice. *Id*.

In a prior action brought in this court by the plaintiff, he alleged in that action, at paragraph 16 of the complaint, "Defendant Pro Coverage terminated Plaintiff as an employee on October 8th, 2017, a nonscheduled work day which was in fact a Jewish holiday and Plaintiff was not available due to religious reasons." *Babayoff v. Nassau County, et al*., 18-Cv-5654 (WFK)(RLM), ECF Doc.1 (E.D.N.Y.). Because he specifically recalled that he did not work on October 8, 2017 because it was a religious holiday, plaintiff apparently knew that it was the exact date his employment ended. It would be disingenuous for plaintiff to now disavow his former recollection and claim he worked past October 8, 2017.

Further evidence of plaintiff's last day of work can be judicially noticed in the pending state court action. At paragraph 2 of the complaint, verified by plaintiff's attorney, plaintiff alleged, "Commencing on December 7, 2016 and continuing through October 8, 2017, Plaintiff was employed by Defendants as an Account Service Representative..." Babayoff v. Pro Coverage Group, Inc., Index No. 700940/2018, Supreme Court of the State of New York, County of Queens (Copy filed as ECF Doc. 18-1)   The state law complaint specifies the exact first and last days plaintiff worked for defendants, unlike in the present action, where Babayoff approximates the month he was hired as well as the month he was terminated.

By taking judicial notice of plaintiff's own prior court filings, it is clear that October 16, 2020, the date plaintiff commenced the present action, was more than a week past the three-year statute of limitations of the FLSA. As such, the complaint was filed after the statute of limitations

6

expired and his federal claim is time barred.

### D. The Court Should Decline to Exercise Supplemental Jurisdiction

If the court dismisses plaintiff's federal claim, it is respectfully submitted that the New York claims, which will be the only remaining claims, should not be tried in federal court. The action is in the preliminary stage. No answer has been filed, no discovery has been conducted and no substantive motions have been ruled on as to the State law claims. The balance of judicial economy, fairness and comity all weigh in favor of requiring plaintiff to have the State court rule on issues of State law. "Once all federal claims have been dismissed, the balance of factors will usually point toward a declination" of the exercise of supplemental jurisdiction. *Lundy v. Catholic Health Sys. Of Long Island Inc.*, 711 F. 3d 106, 118 (2d Cir. 2013). In most cases, "if a plaintiff's federal claims are dismissed before trial, the state law claims should be dismissed as well." *Oneida Indian Nation of N.Y. v. Madison County*, 665 F.3d 408, 437 (2d Cir. 2011)

A district court "may decline to exercise supplemental jurisdiction over a claim [if] the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. §1367 (c)(3). See, *Li v. Zhao*, 35 F. Supp 3d 300, 309-310 (E.D.N.Y. 2014) (dismissing State law claims after granting summary judgment to defendant on plaintiff's FLSA claims). Because New York CPLR § 205 allows a plaintiff to refile a dismissed suit within six months without regard to the statute of limitations, a plaintiff is not prejudiced when a district court declines supplemental jurisdiction over New York statutory claims. *Trinidad v. N.Y. City Dept. of Corrections*, 423 F. Supp. 2d 151, 169 (S.D.N.Y. 2006). Nevertheless, plaintiff certainly cannot claim prejudice where identical New York labor law claims are still pending in state court. In fact, plaintiff is represented by counsel in that action. In contrast, he is proceeding *pro se* here. It can hardly be argued that

7

plaintiff will be better served by pursuing his claims without a lawyer, rather than with one.

## CONCLUSION

FOR THE FOREGOING REASONS, THE COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE AS TO THE FEDERAL CLAIM AND WITHOUT PREJUDICE AS TO ALL STATE CLAIMS.

Dated:  April 8, 2022
       Forest Hills, New York

                                            _/S/_
                              ARTHUR H. FORMAN
                              98-20 Metropolitan Avenue
                              Forest Hills, New York 11375
                              (718) 268-2616

                              *Attorney for Defendants*

**DECLARATION OF SERVICE**

Arthur H. Forman, pursuant to 28 USC §1746, declares under penalty of perjury that on April 8, 2022 he served the within (1) Notice of Motion to Dismiss; and (2) Memorandum of Law in Support of Defendants' Motion to Dismiss on the *pro se* plaintiff by U.S. 1st Class Mail and by email, as follows:

Yair Israel Babayoff
69-09 138th Street, Apt. #3D
Flushing, NY 11367

Yad14llc@msn.com

Dated:  April 8, 2022
       Forest Hills, New York

                                                    /S/
                                        ARTHUR H. FORMAN

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

YAIR ISRAEL BABAYOFF,

                          Plaintiff ,                  20-CV-0438 (WFK) (RLM)

   -against-

PRO COVERAGE GROUP, and
BRANDON MARGOLIS,

                          Defendants

DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT
OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

ARTHUR H. FORMAN
98-20 Metropolitan Avenue
Forest Hills, New York 11375
(718) 268-2616

*Attorney for Defendants*