UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
YAIR ISRAEL BABAYOFF,

          Plaintiff,

   v.                                                  **DECISION & ORDER**
                                                        20-CV-4538 (WFK) (PK)
PRO COVERAGE GROUP, INC. *et al.*,

          Defendants.
-----------------------------------------------------------------X

**WILLIAM F. KUNTZ, II, United States District Judge:** Yair Israel Babayoff ("Plaintiff"), proceeding *pro se*, commenced this action against Pro Coverage Group, Inc. and Brandon Margolis (collectively, "Defendants"), alleging Defendants violated the Fair Labor Standards Act ("FLSA") and New York state labor laws. Before the Court is Defendants' motion to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* Mot. to Dismiss, ECF No. 27; Defs.' Mem. in Supp. of Mot. to Dismiss ("Defs. Mem."), ECF No. 27-1. Plaintiff did not submit a response in opposition to Defendants' motion. For the following reasons, Defendants' motion to dismiss is GRANTED.

## BACKGROUND

On October 16, 2020, Plaintiff, proceeding *pro se*, filed the present action against Defendants alleging (1) a FLSA violation and (2) violations of New York Labor Law and New York State Department of Labor regulations. Compl., ECF No. 1 at ¶ 1. According to the Complaint, Plaintiff was employed by Defendants "full time as an account representative from in or about December 2016, through in or about October 2017." *Id.* at ¶ 9. Plaintiff alleges Defendants failed to pay Plaintiff overtime compensation. *Id.* at ¶ 35.

## LEGAL STANDARD

To survive a motion to dismiss pursuant to Rule 12(b)(6), each claim must set forth sufficient factual allegations, accepted as true, "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). If a complaint merely offers labels and conclusions, a formulaic recitation of the

1

elements, or "naked assertions devoid of further factual enhancement," it will not survive a motion to dismiss. *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (internal quotation marks and alteration omitted)).

At this stage, the Court accepts all factual allegations in the Complaint as true and draws all reasonable inferences in favor of Plaintiff, the non-movant. *Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009). However, the Court need not credit "legal conclusions," or "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 72 (citing *Iqbal*, 556 U.S. at 678) (internal quotation marks and alteration omitted). Moreover, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Legal conclusions must be supported by factual allegations. *Id.*

## DISCUSSION

As an initial matter, Plaintiff has not opposed Defendants' motion to dismiss. That said, "[a plaintiff's] failure to oppose a 12(b)(6) motion cannot itself justify dismissal of a complaint." *Haas v. Commerce Bank*, 497 F. Supp. 2d 563, 564 (S.D.N.Y. 2007) (Holwell, J.) (internal quotation marks, citations, and ellipses omitted). "[A]lthough a party is of course to be given a reasonable opportunity to respond to an opponent's motion, the sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law." *Id.* at 564. Thus, the "Court must review the Complaint to determine whether plaintiff has carried his burden." *Id.* at 564.

Further, because Plaintiff is proceeding *pro se*, "the Court must liberally construe [Plaintiff's] pleadings, and must interpret [the] Complaint to raise the strongest arguments it suggests." *Id.* at 564–65. Nevertheless, "a pro se complaint must state a plausible claim for relief." *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013).

2

I.      **Plaintiff's FLSA Claim is Time-Barred**

FLSA claims for unpaid overtime compensation are generally subject to a two-year statute of limitations. 29 U.S.C. § 255(a). *See also Whiteside v. Hover-Davis, Inc.*, 995 F.3d 315, 318 (2d Cir. 2021). However, claims for unpaid overtime compensation arising from an employer's willful FLSA violation are subject to a three-year state of limitations. 29 U.S.C. § 255(a). As the Second Circuit recently held, "a plaintiff at the pleadings stage must allege facts that give rise to a plausible inference of willfulness for the three-year exception to the FLSA's general two-year statute of limitations to apply." *Whiteside*, 995 F.3d at 318. The Plaintiff bears the burden of proof as to the issue of willfulness—that is, whether the two- or three-year limitations period applies. *Id.* at 322. While statute of limitations defenses are typically affirmative defenses defendants must plead and prove, a "defendant may raise an affirmative defense in a pre-answer Rule 12(b)(6) motion if the defense appears on the face of the complaint." *Id.* at 319 (citation omitted). As such, a court may grant a motion to dismiss on statute-of-limitations grounds "if [the] complaint clearly shows the claim is out of time." *Id.* (citation omitted).

To plausibly allege willfulness such that the three-year limitations period applies, a plaintiff must plead facts sufficient to allow the court to infer an employer violated FLSA with actual knowledge or reckless disregard. *Id.* at 324. In other words, a Plaintiff must allege his employer acted in a manner suggesting some awareness its actions could violate FLSA. *See id.* A "mere allegation of willfulness is insufficient to allow an FLSA plaintiff to obtain the benefit of the three-year exception at the pleadings stage." *Id.* at 323.

3

Here, Defendants argue Plaintiff fails to allege any facts giving rise to an inference of willfulness. *See* Defs. Mem at 4. The Court agrees. Plaintiff's allegations as to Defendant's willfulness are purely conclusory. Plaintiff alleges no facts regarding Defendants' conduct to permit the Court to infer Defendants were aware of a potential FLSA violation. Instead, Plaintiff merely labels Defendants' conduct as "willful" throughout the Complaint without providing further details in support of this conclusion. For example, Plaintiff alleges "Defendants knowingly and willfully failed to pay Plaintiff his regular hourly rate of pay for his overtime hours worked," Compl. at ¶ 35, and "[b]y reason of the said intentional, willful, and unlawful acts of Defendant, Plaintiff his [sic] suffered damages," *id.* at ¶ 36. Plaintiff makes two additional references to Defendants' willful behavior throughout FLSA-related portions of his complaint but fails to provide any factual basis for this assertion. Compl. at ¶¶ 2, 37.

This type of threadbare allegation is precisely what the Second Circuit deemed insufficient to allege willfulness in *Whiteside*. There, the Second Circuit eschewed a legal rule that would permit an FLSA claim "to proceed through discovery upon the insertion of a single legal conclusion—indeed, a single word—into a complaint." *Whiteside*, 995 F.3d at 323. Here, Plaintiff has done just what the Second Circuit warned against: attempt to rely on the single word "willfulness."

Because Plaintiff fails to support his allegations of willfulness with sufficient facts, FLSA's general two-year limitations period applies. Thus, Plaintiff's FLSA claim is time-barred. The two-year limitations period expired in October 2019: Plaintiff worked for Defendants "through in or about October 2017," Compl. at ¶ 9, though Plaintiff fails to allege an exact end

date to his employment with Defendants.[1] Plaintiff did not file his complaint until October 16, 2020, one year after the two-year limitations period ran.

## II. The Court Declines to Exercise Supplemental Jurisdiction Over Plaintiff's State Law Claims

A court "may decline to exercise supplemental jurisdiction" if, among other things, it has already "dismissed all claims over which it has original jurisdiction." *Jian Long Li v. Li Qin Zhao*, 35 F. Supp. 3d 300, 309 (E.D.N.Y. 2014) (Chen, J.). Typically, where all federal claims "'are eliminated before trial,' the relevant factors of 'judicial economy, convenience, fairness, and comity,' which the district court should consider before declining to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c), will 'point toward declining to exercise jurisdiction over the remaining state-law claims.'" *Id.* Accordingly, having dismissed Plaintiff's FLSA claim, the Court declines to exercise jurisdiction over Plaintiff's remaining state law claims.

## III. Leave to Replead

The Second Circuit has stated "[w]hen a motion to dismiss is granted, the usual practice is to grant leave to amend the complaint." *Hayden v. Cty. of Nassau*, 180 F.3d 42, 53 (2d Cir. 1999). This echoes the position of Rule15(a)(2) of the Federal Rules of Civil Procedure, which states, "[t]he court should freely give leave [to amend] when justice so requires." However, a district court has discretion to deny leave to amend where there is no indication from a liberal reading of the complaint that a valid claim might be stated. *Chavis v. Chappius*, 618 F.3d 162,

---

[1] Even if Plaintiff did successfully allege a willful FLSA violation—which he does not—his failure to specify the last date of his employment means his FLSA claim might be time-barred even under the three-year limitations period. Plaintiff alleges he worked for Defendants "through in or about October 2017," but provides no specific end date of his employment. Plaintiff filed the present complaint on October 16, 2020. As such, Plaintiff's Complaint would fail to satisfy even the three-year limitations period if his employment with Defendants ended prior to October 16, 2017. If Plaintiff chooses to file an amended complaint, in order to satisfy FLSA's three-year limitations period for allegations of willful FLSA violations, he would need to allege both that (1) his employment with Defendants ended on or after October 16, 2017 and (2) Defendants willfully violated FLSA.

5

170 (2d Cir. 2010). Generally, "when addressing a *pro se* complaint, a district court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Thompson v. Carter*, 284 F.3d 411, 416 (2d Cir. 2002). Given Plaintiff's *pro se* status, the Court GRANTS Plaintiff leave to amend his complaint.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED without prejudice, and Plaintiff is granted leave to amend the complaint within thirty (30) days from the date of this Order. If he fails to do so, Plaintiff's claim will be dismissed with prejudice. Plaintiff's amended complaint must comply with Rule 8(a) of the Federal Rules of Civil Procedure and must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Plaintiff is advised the amended complaint will supplant his first complaint in its entirety. The amended complaint must be captioned as an "Amended Complaint" and bear the same docket number as this Order. If Plaintiff fails to file an amended complaint within the time allowed, judgment dismissing this action shall enter.

SO ORDERED.

s/ WFK
_____
HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: February 17, 2023
      Brooklyn, New York