UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

YAIR ISRAEL BABAYOFF,

                                    Plaintiff,

    -v.-

PRO COVERAGE GROUP, INC.,
and BRANDON MARGOLIS,

                               Defendants.
-------------------------------------------------------------------X

20-CV-4538 (WFK)(RLM)

Date of Service:
June 9, 2023

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT**

Arthur H. Forman
98-20 Metropolitan Avenue
Forest Hills, New York 11375
(718) 268-2616

*Attorney for Defendants*

## TABLE OF CONTENTS

Table of Authorities..................................................................................................................iii-v

Preliminary Statement....................................................................................................................1

Prior Proceedings……..................................................................................................................1

Legal Argument..............................................................................................................................2

        A.       The Legal Standard to Survive a Motion to Dismiss...........……………….…......2

        B.       Plaintiff's FLSA Claim is Barred Under the Applicable Three-Year
                  Statute of Limitations…………………………………………………………....…..3

        C.       Plaintiff's Title VII Claim Is Barred by the Failure to Exhaust
                  Administrative Remedies………………………………………………………….....6

        D.       The Court Should Decline to Exercise Supplemental Jurisdiction..........................7

Conclusion......................................................................................................................................8

## TABLE OF AUTHORITIES

**Cases**                                                                                                              **Page(s)**

*Ashcroft v. Iqbal*,
    556 U.S. 662, 129 S. Ct. 1937 (2009)) ...........................................................................................3

*Babayoff v. Nassau County*, *et al*.
    18-Cv-5654 (WFK)(RLM) (E.D.N.Y.)………………..........................................................5

*Babayoff v. Pro Coverage Group, Inc.,*
    Supreme Court of the State of New York, County of Queens
    Index No. 700940/2018………………………………………………………….....6

*Bell Atlantic Corp. v. Twombly*
    550 U.S. 544, 127 S. Ct. 1955 (2007) ...............................................................................2

*Erickson v. Pardus*
    551 U.S. 89, 127 S.Ct. 2197 (2007) ..................................................................................3

*Harris v. City of New York*
    186 F. 3d 243 (2d Cir. 1999) .............................................................................................3

*Harris v. Mills*
    572 F.3d 66 (2d Cir. 2009) ................................................................................................3

*In re Elevator Antitrust Litigation*
    502 F.3d 47 (2d Cir. 2007) ................................................................................................2

*Jian Li v. Li Qin Zhao*
    35 F. Supp 3d 300 (E.D.N.Y. 2014) ..................................................................................7

*Littlejohn v. City of New York*
    795 F. 3d 297 (2d Cir. 2015) .............................................................................................6

*Lundy v. Catholic Health Sys. Of Long Island Inc*.
    711 F. 3d 106 (2d Cir. 2013) .............................................................................................7
.
*Matson v. Bd. of Educ*.
    631 F.3d 57 (2d Cir. 2011) ................................................................................................3

*Meadows v. United Services, Inc*.
    963 F.3d 240 (2d Cir. 2020) .............................................................................................3

*Nakahata v. New York Presbyterian Healthcare System*, Inc.
    723 F. 3d 192 (2d Cir. 2013) .............................................................................................4

*Oneida Indian Nation of N.Y. v. Madison County*
  665 F.3d 408 (2d Cir. 2011) ………………………………………………………….....7

*Ragone v. Atlantic Video at Manhattan Center*
  595 F. 3d 115 (2nd Cir. 2010) ........................................................................................6

*Rolon v. Henneman*,
  517 F.3d 140 (2d Cir. 2008) ...........................................................................................3

*Russell v. County of Nassau*
  696 F. Supp. 2d 213 (E.D.N.Y. 2010) ............................................................................7

*Simmons v. Trans Express, Inc.*,
  16 F. 4th 357 (2d Cir. 2021) ...........................................................................................3

*Shu Qin Xu v. Wai Mei Ho*
  111 F. Supp 3d 274 (E.D.N.Y. 2015) .............................................................................4

*Smith v. Local 819 I.B.T. Pension Plan*
  291 F. 3d 236, 240 (2d Cir. 2002) ..................................................................................3

*Smith v. Macy's Corporate*
  19-CV-1749 (LDH)(RER), 2019 WL 3805101 at *2 (E.D.N.Y. Aug 13, 2019) ...................7

*Tillman v. Luray's Travel*
  137 F. Supp. 3d 315 (E.D.N.Y. 2015) ............................................................................6

*Trinidad v. N.Y. City Dept. of Corrections*
  423 F. Supp. 2d 151 (S.D.N.Y. 2006) ............................................................................8

*Whiteside v. Hover-Davis, Inc*.
  995 F. 3d 315 (2d Cir. 2021) ...........................................................................................3

**Federal Statutes**

Fair Labor Standards Act, 29 U.S.C. §§201, *et seq*. ..........................................................1, 2, 3, 4, 6

Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq*............................................1, 2, 6, 7

28 U.S.C. §1367(c)(3) …………………………………………………………………….......7

29 U.S.C. §255 (a)..................................................................................................................3

29 U.S.C. § 256 (a)..................................................................................................................4

42 U.S.C. §2000e-5(e)(1) ..……………………………………………………........6

**Federal Rules**

Fed. R. Civ. Pro. 12 (b)(6) ........................................................................................1

**New York State Statutes**

C.P.L.R. 205....................................................................................................................7

## PRELIMINARY STATEMENT

Defendants, Pro Coverage Group, Inc. and Brandon Margolis make this motion pursuant to Fed. R. Civ. P. 12 (b)(6) to dismiss all federal claims against them for failure to state a cause of action, and for the court to decline to exercise supplemental jurisdiction over plaintiff's state law claims.

Plaintiff's amended complaint (ECF Doc.32), contains two federal causes of action, seeking damages for unpaid overtime compensation pursuant to the Fair Labor Standards Act, 29 U.S.C. §§201, *et seq*. ("FLSA"), and for retaliatory discharge from employment on the basis of religion pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq*.  All other claims are for New York labor law violations. (¶ 1) [1]  It is defendants' position that the plaintiff's FLSA claim is time barred by the applicable three-year statute of limitations, and his Title VII claim is barred for failure to file with the United States Equal Employment Opportunity Commission (EEOC) prior to filing in federal court. Defendants further respectfully submit that if plaintiff's two federal claim are dismissed, there are good grounds for the court to decline to exercise supplemental jurisdiction over plaintiff's state law claims.

## PRIOR PROCEEDINGS

On January 19, 2018, plaintiff filed an action against the same two defendants in New York State court, alleging violations of New York labor laws (¶ 43).  Plaintiff is represented by an attorney in the New York court action. (*Id*.)   Attempting to assert federal jurisdiction, plaintiff added a claim under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA") to the Complaint he filed in the instant action. (ECF Doc. 1).  However, by Order dated February 17, 2023, the plaintiff's complaint was dismissed with leave to file an amended complaint. (Dkt. 29).

---

[1] All designations "¶ __" in parenthesis refer to the numbered paragraphs of the plaintiff's amended complaint.

1

The Order advised plaintiff that if he files an amended complaint, it might still be subject to dismissal unless he alleges, "both that (1) his employment with Defendants ended on or after October 16, 2017 and (2) Defendants willfully violated FLSA." (Dkt. 29, p.5, fn. I).

On March 17, 2023, plaintiff filed an amended complaint (Dkt. 32). He alleged that his employment with defendants ended on November 7, 2017. (¶15), that defendants paid him as an independent contractor rather than as an employee to willfully avoid the overtime requirements of the FLSA. (¶¶16 and 31), and added a claim under Title VII (¶1). As will be argued below, plaintiff's employment ended for purposes of the FLSA, no later than October 6, 2017. Further, plaintiff's Title VII allegations also are deficient for failure to allege he satisfied the requirement of Title VII that prior to filing in federal court an individual must first file with the EEOC and receive a right to sue letter from that agency. Finally, if the court dismisses both of plaintiff's federal claims, defendants respectfully contend that the court should decline to exercise supplemental jurisdiction over plaintiff's state law claims. Among other reasons plaintiff's action for damages related to his employment with defendants is still pending in state court, where he is represented by counsel.

## LEGAL ARGUMENT

### A.  The Legal Standard to Survive a Motion to Dismiss

To survive a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6), a plaintiff's complaint must contain sufficient factual allegations to plausibly support a claim for relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007). Although a plaintiff is not required to set forth every factual allegation, the complaint must allege "enough facts to nudge [plaintiff's] claims across the line from conceivable to plausible." *In re Elevator Antitrust Litigation*, 502 F.3d 47, 50 (2d Cir. 2007). "A claim is plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged.'" *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011). (quoting, *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009)). A court should not credit as true "conclusory allegations or legal conclusions masquerading as factual conclusions." *Rolon v. Henneman*, 517 F.3d 140, 149 (2d Cir. 2008). (quoting, *Smith v. Local 819 I.B.T. Pension Plan*, 291 F. 3d 236, 240 (2d Cir. 2002)). A plaintiff must come forward with more than mere recitations of the elements of a cause of action to survive a motion to dismiss. *Harris v. Mills,* 572 F.3d 66, 72 (2d Cir. 2009).

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200 (2007) (internal quotation marks and citation omitted). However, even a *pro se* complaint must state a plausible claim for relief. *Meadows v. United Services, Inc*., 963 F.3d 240, 243 (2d Cir. 2020).

**B. <u>Plaintiff's FLSA Claim is Barred Under the Applicable Three-Year Statute of Limitations</u>**

A plaintiff must bring an FLSA claim within "two years after the cause of action accrued...except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C. §255(a). A district court "may dismiss a claim on statute-of-limitations grounds at the pleadings stage 'if [the] complaint clearly shows the claim is out of time.' *Harris v. City of New York*, 186 F. 3d 243, 250 (2d Cir. 1999)." *Whiteside v. Hover-Davis, Inc*., 995 F. 3d 315, 319 (2d Cir. 2021). However, a court may consider matters of which judicial notice may be taken when ruling on a 12(b) motion to dismiss. *Simmons v. Trans Express, Inc.*, 16 F. 4th 357, 360 (2d Cir. 2021). A document filed in another court is one of the items a court may judicially notice. *Id*.

It is defendants' position, for purposes of the instant motion only, that regardless of whether the amended complaint alleges willfulness sufficiently to avoid the two-year time limit for filing suit, the plaintiff's FLSA claim is nevertheless barred by the three-year statute of limitations.

An FLSA claim is commenced on the date the complaint is filed 29 U.S.C. § 256 (a). In the instant action, plaintiff filed the complaint on October 16, 2020. (See, ECF Doc. 1). Therefore, the three-year statute of limitations for defendants' willful violations of the FLSA extend back to October 16, 2017.

"The cause of action for FLSA ... claims accrues on the next regular payday following the work period when services are rendered." N*akahata v. New York-Presbyterian Healthcare System*, Inc., 723 F. 3d 192, 198 (2d Cir. 2013); see also, *Shu Qin Xu v. Wai Mei Ho*, 111 F. Supp 3d 274, 277 (E.D.N.Y. 2015) ("A cause of action under the FLSA accrues on the regular payday immediately following the work period for which services were rendered and not properly compensated.") As detailed in his supporting affirmation, defendant Margolis paid plaintiff every two weeks, usually on Friday. The affirmation further states that plaintiff received his final paycheck on October 3, 2017, because a religious holiday started at sundown the following day and plaintiff never returned to work after the holiday. Therefore, plaintiff had three years, but not later than until October 6, 2021, to commence an FLSA action for unpaid wages. Having waited until October 16, 2021 to file the instant action, his FLSA claim is untimely.

The statements in the affirmation of defendant Brandon Margolis are supported by plaintiff's own contentions which the court can consider because they are contained in the amended complaint as well as in other court filings.

At paragraph 41 of the amended complaint, plaintiff alleges, "Three days later, on October 11th, 2017, Defendants, Margolis, terminated Plaintiff's employment claiming by email Effective

4

November 8th, 2017." *(sic)* Putting aside the contention of defendant at paragraph 15 of his supporting affirmation that November 8 was a typo and the date of termination was October 8, the amended complaint clearly shows that plaintiff last performed services for defendants on a date prior to October 11, 2017. Although plaintiff does not state the actual last date he worked for defendants, paragraphs 38 and 39 of the amended complaint confirms the allegations in the Margolis affirmation that plaintiff last worked the week of October 6, 2017. In paragraph 38, plaintiff contends Margolis contacted him on October 7, asking him to work the next day, Sunday, but plaintiff refused and three days later, October 11, 2017 was sent an email confirming his termination. It is not logical to construe the email as confirming a future date when the email uses the past tense "was.". It is much more logical that November is a typo and the October 11 email confirms the date of termination "was" October 8.

But regardless of "the effective date" of the termination, the law is clear that the statute of limitations for FLSA claims runs from the last pay day of the last week plaintiff performed services. Having last spent time working for defendants, and having received his final paycheck, prior to October 7, 2017, the FLSA claim in the amended complaint should be dismissed.

In a prior action brought in this court by the plaintiff, he alleged in that action, at paragraph 16 of the complaint, "Defendant Pro Coverage terminated Plaintiff as an employee on October 8th, 2017, a nonscheduled work day which was in fact a Jewish holiday and Plaintiff was not available due to religious reasons." *Babayoff v. Nassau County, et al.*, 18-Cv-5654 (WFK)(RLM), (ECF Doc.1) (E.D.N.Y., Oct. 5, 2018). Because he specifically recalled that he did not work on October 8, 2017 because it was a religious holiday, plaintiff apparently knew that it was the exact date his employment ended. It would be disingenuous for plaintiff to now disavow his former recollection and claim he worked past October 8, 2017.

5

Further evidence of plaintiff's last day of work can be judicially noticed in the pending state court action. At paragraph 2 of the complaint, verified by plaintiff's attorney, plaintiff alleged, "Commencing on December 7, 2016 and continuing through October 8, 2017, Plaintiff was employed by Defendants as an Account Service Representative..." *Babayoff v. Pro Coverage Group, Inc.*, Index No. 700940/2018, Supreme Court of the State of New York, County of Queens (Filed in the instant action as ECF Doc. 18-1)  The state law complaint specifies the exact first and last days plaintiff worked for defendants, unlike in the present action, where Babayoff approximates the month he was hired as well as the month he was terminated.

By taking judicial notice of plaintiff's own prior court filings, it is clear that October 16, 2020, the date plaintiff commenced the present action, was more than a week past the three-year statute of limitations of the FLSA. As such, the complaint was filed after the statute of limitations expired and his federal claim is time barred.

**C.**     **Plaintiff's Title VII Claim is Barred by the Failure to Exhaust Administrative Remedies**

Individuals may bring Title VII claims in federal court only after filing an employment discrimination charge with the Equal Employment Opportunity Commission and receiving an EEOC right to sue letter. *Tillman v. Luray's Travel*, 137 F. Supp. 3d 315, 326 (E.D.N.Y. 2015). Exhaustion of administrative remedies through the EEOC is a precondition for bringing Title VII discrimination claims in federal court. *Littlejohn v. City of New York*, 795 F. 3d 297, 322 (2d Cir. 2015).

Where a state, such as New York, establishes an agency for the filing of discrimination complaints, such employment discrimination charges must be filed within 300 days of the alleged employment practice. 42 U.S.C. § 2000e -5(e)(1); *Ragone v. Atlantic Video at Manhattan Center*, 595 F. 3d 115, 126 (2nd Cir. 2010.)  "The filing requirement is analogous to a statute of limitations,

6

barring all claims arising outside the 300 day period." *Russell v. County of Nassau*, 696 F. Supp. 2d 213, 226 (E.D.N.Y. 2010).

Having failed to allege that he satisfied this required prerequisite to filing in federal court, plaintiff's claim for discrimination under Title VII should be dismissed. See, *Smith v. Macy's Corporate*, 19-CV-1749 (LDH)(RER), 2019 WL 3805101 at *2 (E.D.N.Y. Aug 13, 2019) ("Failure to timely file a charge of discrimination typically results in dismissal of the claim in federal court.")(Copy annexed to Memo for Pro Se plaintiff).

### D. The Court Should Decline to Exercise Supplemental Jurisdiction

If the court dismisses plaintiff's federal claims, it is respectfully submitted that the New York claims, which will be the only remaining claims, should not be tried in federal court. The action is in the preliminary stage. No answer has been filed, no discovery has been conducted and no substantive motions have been ruled on as to the state law claims. The balance of judicial economy, fairness and comity all weigh in favor of requiring plaintiff to have the state court rule on issues of State law. A district court "may decline to exercise supplemental jurisdiction over a claim…if…the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. §1367 (c)(3). See, *Jiang Long Li v. Li Qin Zhao*, 35 F. Supp 3d 300, 309-310 (E.D.N.Y. 2014) (dismissing state law claims after granting summary judgment to defendant on plaintiff's FLSA claims). "Once all federal claims have been dismissed, the balance of factors will usually point toward a declination" of the exercise of supplemental jurisdiction. *Lundy v. Catholic Health Sys. Of Long Island Inc.*, 711 F. 3d 106, 118 (2d Cir. 2013). In most cases, "if a plaintiff's federal claims are dismissed before trial, the state law claims should be dismissed as well." *Oneida Indian Nation of N.Y. v. Madison County*, 665 F.3d 408, 437 (2d Cir. 2011)

Because New York CPLR § 205 allows a plaintiff to refile a dismissed suit within six months without regard to the statute of limitations, a plaintiff is not prejudiced when a district court declines supplemental jurisdiction over New York statutory claims. *Trinidad v. N.Y. City Dept. of Corrections*, 423 F. Supp. 2d 151, 169 (S.D.N.Y. 2006). Nevertheless, plaintiff certainly cannot claim prejudice where identical New York labor law claims are still pending in state court against the two defendants in this action. In fact, plaintiff is represented by counsel in that action. In contrast, he is proceeding *pro se* here. It can hardly be argued that plaintiff will be better served by pursuing his claims without a lawyer, rather than with one.

## CONCLUSION

FOR THE FOREGOING REASONS, THE COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE AS TO THE FEDERAL CLAIMS AND WITHOUT PREJUDICE AS TO ALL STATE CLAIMS.

Dated: June 9, 2023
      Forest Hills, New York

      /S/
ARTHUR H. FORMAN
98-20 Metropolitan Avenue
Forest Hills, New York 11375
(718) 268-2616

*Attorney for Defendants*

Case 1:20-cv-04538-WFK-PK   Document 38-1   Filed 07/27/23   Page 14 of 15 PageID #: 199

Smith v. Macy's Corporate, Not Reported in Fed. Supp. (2019)

2019 WL 3805101
Only the Westlaw citation is currently available.
NOT FOR PUBLICATION
United States District Court, E.D. New York.

Tynekia SMITH, Plaintiff,
v.
MACY'S CORPORATE and
Jeffrey Gennette, Defendants.

19-CV-1749 (LDH) (RER)
|
Signed 08/13/2019

**Attorneys and Law Firms**

Tynekia Smith, Elmont, NY, pro se.

**MEMORANDUM AND ORDER**

LaSHANN DeARCY HALL, District Judge:

*1 Plaintiff Tynekia Smith, proceeding pro se, brings the instant action against his former employer, Macy's Corporate and its CEO Jeffrey Gennette, asserting claims for unlawful termianation and failure to accommodate under Title VII of the Civil Rights Act of 1964 ("Title VII"). While the statement of facts submitted by the Plaintiff is brief, she alleges that she was improperly terminated during her maternity leave. (Compl. at 5, ECF No. 1.) She seeks monetary damages and reinstatement of her position. Plaintiff's request to proceed *in forma pauperis* is granted. For the reasons discussed below, Plaintiff is granted thirty (30) days from the date of this memorandum and order to submit an amended complaint.

**STANDARD OF REVIEW**

A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the alleged facts allow the court to draw a "reasonable inference" of a defendant's liability for the alleged misconduct. *Iqbal*, 556 U.S. at 678. While this standard requires more than a "sheer possibility" of a defendant's liability, *id.*, "[i]t is not the [c]ourt's function to weigh the evidence that might be presented at trial" on a motion to dismiss. *Morris v. Northrop Grumman Corp.*, 37 F. Supp. 2d 556, 565 (E.D.N.Y. 1999). Instead, "the [c]ourt must merely determine whether the complaint itself is legally sufficient, and in doing so, it is well settled that the [c]ourt must accept the factual allegations of the complaint as true." *Id.* (internal citation omitted).

Moreover, where, as here, a plaintiff is proceeding pro se, her pleadings "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)). A pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Boykin v. KeyCorp*, 521 F.3d 202, 213–14 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 55 U.S. 89, 94 (2007) (per curiam)).

An *in forma pauperis* action shall be dismissed where the court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). However, if a liberal reading of the complaint "gives any indication that a valid claim might be stated," the Court must grant leave to amend. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation marks and citation omitted).

**DISCUSSION**

**I. Title VII and the Pregnancy Discrimination Act**
Plaintiff brings the instant action pursuant to Title VII. Title VII prohibits an employer from discriminating against any individual with respect to "compensation, terms, conditions or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a)(1). Title VII was amended by the Pregnancy Discrimination Act ("PDA"), 42 U.S.C. § 2000e(k), to make clear that "discrimination based on a woman's pregnancy is, on its face, discrimination because of her sex." *Newport News Shipbuilding & Dry Dock Co. v. E.E.O.C.,* 462 U.S. 669, 684 (1983). Specifically, the PDA clarified that discrimination "on the basis of sex" includes discrimination "because of or on the basis of pregnancy, childbirth, or related medical conditions; and women affected by pregnancy, childbirth, or related medical conditions shall be treated the same for all employment-related purposes ... as other persons not so

Case 1:20-cv-04538-WFK-PK   Document 38-1   Filed 07/27/23   Page 15 of 15 PageID #: 200

Smith v. Macy's Corporate, Not Reported in Fed. Supp. (2019)

affected but similar in their ability or inability to work." 42 U.S.C. § 2000e(k).

**\*2** While discrimination claims predicated on a woman's pregnancy may be rightly brought under Title VII, they are subject to Title VII's exhaustion requirements. That is, Plaintiff is required to file an administrative charge prior to commencing suit in federal district court. 42 U.S.C. § 2000e-5(e); *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 384 (2d Cir. 2015) (discussing Title VII exhaustion standard). "The purpose of this exhaustion requirement is to give the administrative agency the opportunity to investigate, mediate, and take remedial action." *Brown v. Coach Stores, Inc.,* 163 F.3d 706, 712 (2d Cir. 1998) (internal quotation marks omitted). "The administrative exhaustion requirement applies to *pro se* and counseled plaintiffs alike." *Fowlkes*, 790 F.3d at 384 (citing *Pikulin v. City Univ. of N.Y.,* 176 F.3d 598, 599-600 (2d Cir. 1999) (*per curiam*)). In New York, a plaintiff must file her charge with the Equal Employment Opportunity Commission ("EEOC") or state or local agency within 300 days of the alleged discrimination. *See* 42 U.S.C. § 2000e-5(e)(1); *McGullam v. Cedar Graphics, Inc.*, 609 F.3d 70, 75 (2d Cir. 2010); *Taylor v. City of New York*, 207 F.Supp.3d 293, 300 (S.D.N.Y. 2016). "Filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel and equitable tolling." *Francis v. City of New York*, 235 F.3d 763, 767 (2d Cir. 2000) (internal quotation marks omitted); *see also Fernandez v. Chertoff*, 471 F.3d 45, 58 (2d Cir. 2006) ("Because [the] failure to exhaust [one's] administrative remedies is not a jurisdictional defect, it is subject to equitable defenses.").

Failure to timely file a charge of discrimination typically results in dismissal of the claim in federal court. *Brundage v. U.S. Dep't of Veterans Affairs,* No. 06 Civ. 6613, 2010 WL 3632705, at \*3 (S.D.N.Y. Sept. 16, 2010). Here, Plaintiff alleges that she sent a letter to the CEO, but does not allege that she otherwise filed a charge of discrimination with the EEOC or any other appropriate state agency. (Compl. at 6.) Plaintiff also alleges that the conduct giving rise to her discrimination claim occurred on December 4, 2016—over two years before filing the instant action. Therefore, unless Plaintiff has already timely filed a charge of discrimination, it is not likely that a subsequent filing would be timely in these circumstances. For these reasons, Plaintiff's complaint is dismissed without prejudice, for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B).

## CONCLUSION

In light of the Court's duty to liberally construe Plaintiff's complaint, Plaintiff is granted leave to file an amended complaint within 30 days from the entry of this Order. *Cruz v. Gomez*, 202 F.3d 593 (2d Cir. 2000). The amended complaint must be captioned as an "Amended Complaint" and bear the same docket number as this order. Plaintiff must also set forth the date she filed a charge of discrimination with the EEOC, and, if available, she should include a copy of the charge of discrimination as an exhibit. Plaintiff must include the Notice of Right to Sue issued by the EEOC. Failure to file an amended complaint with 30 days, as directed by this memorandum and order, will result in Plaintiff's case being dismissed for failure to prosecute. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 269 U.S. 438, 444-45 (1962).

SO ORDERED.

**All Citations**

Not Reported in Fed. Supp., 2019 WL 3805101

---

End of Document                    © 2023 Thomson Reuters. No claim to original U.S. Government Works.